McKinney, J.,
delivered the opinion of the Court.
This was an action of trespass quare clausum fregit. The trespass complained of, is the digging a grave, and interring the body of a negro- child, the property of defendant, within the limits of a private burying-ground belonging to the plaintiff, and near to the graves of the father and other relatives of the plaintiff.
Verdict and judgment were for the defendant, and the case is brought to this Court by an appeal in error.
It appears, that on the 13th of June, 1853, the plaintiff conveyed to the defendant a tract of land lying in Coffee county, containing upwards of four hundred acres.
The deed contains certain exceptions and reservations, and especially the following, namely: “ A small lot re *562 served for a burying-ground, two poles square, around the graves where the said William Hodge and his grand-children are now buried.” At the time of making said deed, there were but three graves at the place where the reservation was made, which lay side by side. It seems that the exact boundaries of the “two poles square,” have never been defined by agreement of the parties. It further appears, that since the execution of the conveyance to the defendant, two other persons, relatives of the plaintiff, have been interred, immediately south of the first three graves. And within some three feet of the last grave, the negro child of the defendant was buried.
In the legal forum, the only question that can be raised upon the facts of this case, is simply the question of boundary. Upon this question the parties differ in opinion. The plaintiff’s counsel insists, that the lot is to be so laid off, as to give two square poles, exclusive of so much ground as was occupied by the three graves which had been made prior to the conveyance; and, on the other hand, it is insisted that the plaintiff is entitled to only “two poles square,” including said graves.
His honor, the Circuit Judge, instructed the jury, in substance, that in the absence of any agreement of the parties, the law would fix the boundaries of the reserved lot by making the three graves which were there when the conveyance was made, a common centre, from which, by lines equally extended each way, an area of “two poles square” was to be laid off.
This, we think, was the proper construction of the clause of the deed declaring the reservation; and the *563 proper method of ascertaining the correct boundaries of the lot. In thus laying off the lot, all the graves of the family of the plaintiff will be included within its limits; and the grave of the negro child will be excluded.
The judgment will be affirmed.